LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

OMID G. BANUELOS
(202) 434-5000
obanuelos@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

June 1, 2021

**VIA ECF**

The Honorable Nelson S. Roman
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

    Re:    *Pizarro v. Ferrara Candy Company*, Case No. 7:21-cv-00151-NSR

Dear Judge Roman:

We write on behalf of Ferrara Candy Company ("Ferrara") to request a pre-motion conference to file a motion to dismiss. Ferrara manufactures Keebler Fudge Stripes™ (the "Product"). Plaintiff has filed an action alleging that the labeling on the Product falsely indicates that the Product is made with "real [Keebler] fudge." (Compl. ¶ 4). On that basis, Plaintiff brings claims for injunctive and monetary relief (1) for violations of New York General Business Law ("GBL"); (2) for negligent misrepresentation; (3) for fraud; and (4) for unjust enrichment. These claims are defective.

*Plaintiff's claims are implausible.* It is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). "Accordingly, plaintiffs must do more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers.'" *Jessani v. Monini N. Am., Inc.*, 744 F. App'x. 18, 19 (2d Cir. 2018) (citation omitted). Plaintiff cannot do so.

Keebler Fudge Stripes™ have been making childhood memories for decades. Nonetheless, Plaintiff insists the trademarked name "Fudge Stripes™," the statement "Made With Real Keebler[®] Fudge," and an image of Keebler® fudge on the packaging are fraudulent, "false, deceptive, and misleading." Compl. ¶¶ 4, 83-86. She posits that fudge "is a simple food that is easily made at home." Compl. ¶ 5. Citing Wikipedia, Plaintiff asserts consumers expect fudge—both home and commercially-made—will contain only "chocolate or cocoa" and "sugar, butter, and milk." *Id.* ¶ 6 n.1. Plaintiff's assertion does not pass the straight-face test.

<u>First</u>, Plaintiff ignores the packaging for Keebler Fudge Stripes™. The label reads "made with real *Keebler*[®] fudge." Compl. ¶ 3 (emphasis added). Neither Plaintiff, Wikipedia, nor the packaging defines or represents "Keebler® fudge" as fudge made exclusively with "sugar, butter, and milk." Compl. ¶ 6. To the contrary, the packaging focuses on elfin fudge made by an animated elf known as Ernest J. "Ernie" Keebler, who features prominently on the packaging. The labeling touts cookies thoughtfully crafted by elves in a Hollow Tree™ using elfin ingenuity, and being "Made with Magic

[and] Loved by Families.™" *See In re Frito Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *16 (E.D.N.Y. Aug. 29, 2013) ("[I]n resolving the reasonable consumer inquiry, one must consider the entire context of the label."); *see also Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (the alleged act must be 'likely to mislead a reasonable consumer acting reasonably *under the circumstances*.'") (emphasis added). It is absurd to equate fudge made with elfin-magic to fudge made exclusively with "sugar, butter, and milk." Compl. ¶ 6. Moreover, any consumer curious about the ingredients in real elfin-fudge, need only review the ingredient list on the packaging itself. *See, e.g.*, *Melendez v. ONE Brands, LLC*, 2020 WL 1283793, at *6 (E.D.N.Y. Mar. 16, 2020) ("If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous. If so, the clarification can defeat the claim."); *see also id.* ("Such clarification can come from an area of the packaging where "consumers are trained to look" for such information, such as the ingredients panel.").

*Second*, the notion that consumers expect real Keebler® fudge (or any fudge for that matter) to be made exclusively with "sugar, butter, and milk" is absurd. Fudge does not have a standard of identity. *Cf., e.g.*, 21 C.F.R. § 163.130 (standard of identity for milk chocolate). When deciding whether a claim is plausible, "judges [are] to rely on their 'experience and common sense,' and to consider the context in which a claim is made." *Irrera v. Humpherys*, 859 F.3d 196, 198 (2d Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Common sense dictates—and the most cursory internet search confirms—fudge can be made using a wide variety of ingredients and substitutes including, for example, without sugar (https://thesugarfreediva.com/fabulous-sugar-free-fudge/); without butter (http://www.macro-chef.com/fudge/_chocolate-peanut-butter-protein-fudge/), and without milk (https://minimal_istbaker.com/3-ingredient-chocolate-fudge-dairy-free/), (https://www.noracooks.com/_veganfudge/), (https://beamingbaker.com/2-ingredient-5-minute-homemade-fudge-recipe-paleo-vegan-gluten-free-dairy-free/).

*Finally*, even assuming Wikipedia provides the one-true definition of fudge, Plaintiff's claim still fails. Although advertised as being crafted by elves in a Hollow Tree™, Keebler® fudge is undeniably made with real cocoa and real sugar. It uses whey, a real milk by-product that comes from real milk. *See, e.g.*, 21 C.F.R. § 184.1979 (standard of identity for whey). That leaves real vegetable oil, which can be healthier than butter and, as a matter of common knowledge and sense, is substituted in everyday real baked goods. *See United States v. Bari*, 599 F.3d 176, 180 (2d Cir. 2010) (Court can take judicial notice of "matters of common knowledge" and "facts capable of verification.").

**The negligent misrepresentation claims fail.** *First*, Plaintiff has not pleaded "the defendant owed plaintiff a duty of care due to a special relationship." *Nelson v. MillerCoors, LLP*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017). Plaintiff conclusory alleges that Ferrara owed her a duty "based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type." (Compl. ¶ 79). But "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015); *Tyman v. Pfizer*, 2017 WL 6988936, at *15 (S.D.N.Y. Dec. 27, 2017). *Second*, the economic loss doctrine precludes Plaintiff's claim. *See, e.g., Elkind v. Revlon Consumer Prods., Inc.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015); *Gordon v. Hain Celestial Group, Inc.*, 2017 WL 213815, at *1 (S.D.N.Y. Jan. 18, 2017).

**The common-law fraud claims fail.** *First*, Plaintiff has not alleged facts that "give rise to a *strong* inference of fraudulent intent," let alone anything beyond pure speculation. *See Davis v.*

*Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (A false statement "is not sufficient to establish fraudulent intent, nor is a defendant's 'generalized motive to satisfy consumers' desires [or] increase sales and profits.'"). *Second*, Plaintiff has not pleaded fraud with particularity.

**The unjust enrichment claims fail.** *First,* "claims for unjust enrichment will not survive a motion to dismiss where plaintiff fails to explain how their unjust enrichment claim is not merely duplicative of other causes of action." *Nelson v. MillersCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y. 2017); *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *12 (E.D.N.Y. Sept. 14, 2015). *Second*, unjust enrichment is "unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x. 611, 613 (2d Cir. 2010).

**Plaintiff lacks standing to seek injunctive relief.** Plaintiff fails to allege a likelihood that he will be injured in the future. As the Second Circuit recently held: "past purchasers of a product . . . are not likely to encounter future harm of the kind that makes injunctive relief appropriate." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147, at *5 (2d Cir. 2020). The Court reasoned that "they will not again be under the illusion" of the alleged deception. Rather, they will purchase the product "with exactly the level of information that they claim they were owed from the beginning." *Id.* at 148. Therefore, injunctive relief will not "improve their position as knowledgeable consumers." *Id.*

We appreciate Your Honor's attention to these matters.

Respectfully submitted,

/s/

Omid G. Banuelos

cc: All counsel of record via ECF

3