Sheehan & Associates, P.C.  60 Cuttermill Rd Ste 409, Great Neck NY 11021-3104
spencer@spencersheehan.com  tel. (516) 268-7080   fax (516) 234-7800

June 4, 2021

District Judge Nelson S. Roman
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:   7:21-cv-00151-NSR
      Pizarro v. Ferrara Candy Company

Dear District Judge Roman:

This office, with co-counsel Abraham Kleinman, represents the plaintiff. On June 1, 2021, defendant filed a letter explaining the grounds for its motion to dismiss the Complaint ("Compl."). ECF No. 8, Def. Ltr. Plaintiff is required to respond by June 4, 2021.

***The Complaint Plausibly Alleges Consumers are Misled.*** Plaintiff brings claims under GBL §§ 349 and 350, which are based on the belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). "These statutes on their face apply to virtually all economic activity, and their application has been correspondingly broad." *Karlin v. IVF Am., Inc.*, 93 N.Y.2d 282, 290 (1999).

"To successfully assert a claim under either section, a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d. Cir. 2015).

***Defendant's Factual Challenges to the Complaint's Allegations are Conclusory and Misplaced.*** Whether a representation is likely to mislead a reasonable consumer "is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran v. Henkel of America, Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020).

Plaintiff alleged that "[w]hen consumers observe the representation 'Made With Real Keebler Fudge,' they will expect the fudge used in the Product contains the types of 'real' ingredients which are essential to fudge – sugar, milk and butter." Compl. ¶ 14. However, "the front label representation is false and misleading because the Product contains ingredients inconsistent with any kind of 'real' fudge, as its fudge contains vegetable oil, invert syrup and whey, instead of butter, sugar and milk." Compl. ¶ 15. Defendant cannot prevail on a motion to dismiss based merely on the contrary factual contention that "the notion that consumers expect real Keebler fudge (or any fudge for that matter) to be made exclusively with 'sugar, butter, and milk' is absurd." Def. Ltr. at 2.

In arguing that "any consumer curious about the ingredients in real elfin-fudge, need only review the ingredient list on the packaging itself." Def. Ltr. at 2, defendant asks the Court to overlook *Mantikas v. Kellogg Co.*, where the Second Circuit held that "a reasonable consumer should not be expected to consult the Nutrition Facts panel [or ingredient list] on the side of the

box to correct misleading information set forth in large bold type on the front of the box." 910 F.3d 633, 637 (2d Cir. 2018).

Courts within this district have expressly affirmed *Mantikas*, refusing to find that the small print on a back panel overcomes more prominent front label representations. *See Campbell v. Whole Foods Market Group, Inc.*, No. 1:20-cv-01291 (GHW), 2021 WL 335405, at *8 (S.D.N.Y. Feb. 2, 2021) (denying motion to dismiss based on *Mantikas* where plaintiff alleged deception as to relative amounts of graham flour and honey even though these were listed in ingredients in order of predominance); *Watson v. Kellogg Sales Co.*, No. 19-cv-01356 (DLC), 2019 WL 10734829, at *1 (S.D.N.Y. Oct. 29, 2019) (relying on *Mantikas* that naming a product "Grahams" could mislead consumers notwithstanding an accurate ingredient list); *Colpitts v. Blue Diamond Growers*, No. 20-cv-2487 (JPC), 2021 WL 981455, at *11 (S.D.N.Y. Mar. 16, 2021) (accepting factual allegations that "Smokehouse®" representation on front label could mislead consumers despite "the disclosure on the Product's ingredients list that the almonds contain 'NATURAL HICKORY SMOKE FLAVOR.'"); *Sharpe v. A & W Concentrate Company and Keurig Dr. Pepper Inc.*, 481 F. Supp. 3d 94 (E.D.N.Y. 2020) (front label statement of "Naturally and Artificially Flavored" insufficient to disclaim "Made With Aged Vanilla"); *Ackerman v. Coca–Cola Co.,* No. 09-cv-0395, 2010 WL 2925955, at *16 (E.D.N.Y. July 21, 2010) ("[T]he presence of a nutritional panel, though relevant, does not as a matter of law extinguish the possibility that reasonable consumers could be misled by [the defendant]'s labeling and marketing.").

***Plaintiff's Common Law Claims – Negligent Misrepresentation, Fraud and Unjust Enrichment – Are Adequately Pled.*** Plaintiff's negligent misrepresentation claim is viable because defendant held itself out as having "special knowledge" and experience in providing candy and baked goods, which is sufficient to establish the relationship of trust necessary for this claim. Compl. ¶ 79.  *Greene v. Gerber Products Co.*, 262 F. Supp. 3d 38, 75 (E.D.N.Y. 2017).

The fraud claims are sufficient because the Complaint identifies defendant as the speaker, when (at the time of purchase), where (on the front label) the statements were made and why the statements were fraudulent (due to the presence of vegetable oil, invert syrup and whey, instead of butter, sugar and milk.). Fed. R. Civ. P. 9(b); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 171 (2d Cir. 2015).

Defendant argues that plaintiff's unjust enrichment claim cannot survive because it is duplicative. However, "[u]nder Rule 8(e)(2) of the Federal Rules of Civil Procedure, a plaintiff may plead two or more statements of a claim, even within the same count, regardless of consistency." *Henry v. Daytop Vill., Inc.,* 42 F.3d 89, 95 (2d Cir.1994); *Burton v. Iyogi, Inc.*, No. 13-cv-6926, 2015 WL 4385665, at *11 (S.D.N.Y. Mar. 16, 2015) (denying dismissal of unjust enrichment because "it is well-settled that parties may plead in the alternative"). To the extent plaintiff cannot satisfy the GBL or other common law claims, the Court may hold that the unjust enrichment claim is viable. Thus, because questions of fact remain as to all of plaintiff's claims, dismissal of unjust enrichment is premature.

***Plaintiff has Standing to Seek Injunctive Relief***. Defendant contends the recent Second Circuit opinion in *Berni v. Barilla S.p.A.,* 964 F.3d 141 (2d Cir. 2020) defeats plaintiff's request for injunctive relief. However, *Berni* is not applicable since that case involved myriad other class members that would have their rights extinguished in support of a settlement which granted them

fictitious relief in the form of a "fill-line." Such injunctive relief related to past conduct was insufficient to meet the requirements of Rule 23(b)(2). Plaintiff here, in contrast, is a proposed class representative who seeks monetary damages in addition to injunctive relief.

*Plaintiff Seeks to Amend Complaint to Add Breach of Express and Implied Warranty Claims*. In reviewing the complaint in this action, it came to the attention of the undersigned that causes of action for breaches of express and implied warranty, and under the Magnusson-Moss Warranty Act ("MMWA"), were not included. Plaintiff seeks to amend the complaint to add these causes of action. Plaintiff proposes to submit an amended complaint no later than June 22, 2021, 21 days after defendant's letter. Thank you.

                                          Respectfully submitted,

                                            /s/Spencer Sheehan

Certificate of Service

I certify that on June 4, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan